HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLP RESOURCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMUEL T. SALERNO, et al, <br><br> Defendants. | No. CV 11-5007RBL <br><br> ORDER DENYING MOTION TO DISMISS AND TRANSFERRING CASE [Dkt. #7] |

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Dkt. #7]. Plaintiff CLP is a large provider of temporary construction workers, and is Defendant Salerno's former employer. Salerno was CLP's Sales Manager and then an Account Manager during his March 26, 2007 to July 9, 2010 employment. Defendant Salerno is an officer and an owner of Defendant Alliance Project Staffing.

**Summary**.

The underlying dispute arises from CLP's claim that, while he was a CLP employee, Salerno started Alliance, a business which competed directly with CLP, using CLP resources and on CLP time. CLP claims that Salerno violated the terms of his CLP Employment Agreement. It asserts a Breach of Contract claim against Salerno, and Misappropriation of Trade Secrets and Tortious Interference with Contract and/or Business Expectancy claims against Salerno and Alliance.

ORDER - 1

Defendants seek dismissal of the claims against them, arguing that this court does not have personal jurisdiction over either of them, and that venue in this District is improper. They also argue that the case should be transferred to the United States District Court for the Central District of California, for the convenience of the parties and the witnesses.

Plaintiff CLP relies on the Employment Agreement signed by Mr. Salerno as support for its claim of personal jurisdiction and proper venue. [See Dkt. 6 at ex. 2] Under that Agreement, Salerno agreed that venue for any suit to enforce the terms of it would be held in Pierce County Washington or the United States District Court for Western District of Washington. Salerno agreed to submit to the personal jurisdiction of those courts, and to not raise any personal jurisdiction objection. The Agreement also provided that the laws of the State of Washington would govern any dispute.

Salerno admits he read and signed the Agreement, dating it March 26, 2007. CLP claims that the Employment Agreement was attached to and referenced in its initial offer letter to Salerno (dated March 20, 2007) [See Dkt. 6 at Ex. 1] and that his employment was always expressly conditioned on his agreement to its terms.

Salerno claims that he signed the Agreement "under extreme pressure" and that he actually signed it on March 29, three days after he began working for CLP, and after he had irrevocably relocated from Tennessee to work for CLP in California. He claims he did not have an attorney review the document, and did not have time to review it himself. Salerno claims that Employment Agreement's jurisdiction, venue, and choice of law provisions are unenforceable due to duress and fraud. He also claims that the Employment Agreement was not supported by consideration because he had already begun working at the time he signed it.

Salerno seeks an Order of Dismissal, or, alternatively, an Order transferring the case to The Central District of California. CLP does not oppose such a transfer, though oppose any award of fees or casts against it for filing in this jurisdiction.

ORDER - 2

**Discussion.**

As the Plaintiff correctly point out, it is required only to make a prima facie showing of jurisdictional facts to invoke this court's jurisdiction. *See*, for example *Love v. Associated Newspapers*, 611 F.3d 601, 608 (9th Cir. 2010) ("Where, as here, a motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [Plaintiff's] favor.")

Plaintiff's allegations regarding Mr. Salerno's assent to the terms of the Employment Agreement, and the clear consents and waivers in that Agreement, are more than ample to establish a prima facie case of personal jurisdiction over Mr. Salerno. CLP has met its initial burden of establishing personal jurisdiction[1] over Mr. Salerno.

In additional to his claims about the lack of minimum contacts and purposeful availment, Mr. Salerno responds with a variety of defenses to the enforceability of this Agreement. First, he alleges that the non-compete provision is not consistent with California Code §16600, which makes such provisions void. Whether this is provision will ultimately be applied or not, however, it plainly does not apply to the consent to personal jurisdiction, forum selection and choice of law provisions. This California statute is not a defense to jurisdiction or venue in this Court.

Mr. Salerno also claims that the Employment Agreement was procured by fraud or duress, or is otherwise not enforceable because he was "forced" to sign it and did so under protest without adequate time to review it and without the benefit of advice of counsel. There is no authority for the proposition that such time or attorney review is a prerequisite for the execution of a binding Employment Agreement. Nor is it novel that one seeking employment is offered the same conditioned on the acceptance of the terms of an employment agreement. No

---

[1] Defendants' initial arguments about "minimum contacts," "purposeful availment," and the reach of Washington's long arm statute are correct, and, absent the Employment Agreement, might be persuasive. The Court's determination of its jurisdiction over Mr. Salerno depends on that agreement, and on the insufficiency of Defendant Salerno's attacks on it.

ORDER - 3

other duress, or fraud is alleged or shown. Despite Mr. Salerno's claim that he did not see the actual agreement before he began working for CLP, it is undisputed that his employment was always expressly conditioned upon his agreement to those terms. His claim about the consideration provided for his agreement is not enough, therefore, to negate his assent to the terms of the Employment Agreement.

For these reasons, the court concludes that it does have personal jurisdiction over at least defendant Salerno, and under the terms of the Agreement, the initial venue of this action in Washington State is proper.

The Court's jurisdiction over Defendant Alliance (which has not been served) is less clear, but it is not necessary to resolve in this Order. Despite their disagreement over the initial filing (which appears to be motivated by a claim for attorneys' fees), the parties agree that the case can, and perhaps should, be transferred to the Central District of California, for the convenience of the parties and the witnesses.

The Court will therefore TRANSFER this action in its entirety to the Federal District Court for the Central District of California, pursuant to 28 U.S.C. §1404(a). The Court will not award fees or costs to either party.

The Clerk shall immediately transfer the case consistent with this Order.

**IT IS SO ORDERED.**

Dated this 27th day of April, 2010.

BENJAMIN H. SETTLE
United States District Judge

for RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 4